Case number 22-3031 United States of America v. Wilber Vigil-Benitez, also known as Solidario Appellant. Mr. Stewart for the appellant, Mr. Nadavaran for the appellate. Mr. Stewart, whenever you're ready. Good morning, Your Honor. Good morning, Your Honors. Andrew Stewart on behalf of Mr. Wilber Vigil-Benitez. Your Honor, this matters before the court. On our question whether or not sentence imposed by the district court was reasonable in this case. We, at the district court level, there's no question about whether or not the guidelines were calculated accurately. This is a guideline sentence. And in essence, our argument is that because there was a, well, there's also a rebuttable presumption that a guideline sentence is reasonable. Our argument is that where the parties relied on the probation office's calculation of the guidelines, which was lower than what was calculated for the purposes of PSR, where the parties relied on that calculation in drafting the plea agreement. And ultimately, Mr. Vigil-Benitez entering the plea agreement and where the court failed to adequately address the, I guess, district court counsel's request for a variance, that that sentence is, it was imposed, is unreasonable. In essence, Mr. Stewart, you didn't file a reply brief here. That's correct, Your Honor. Yeah. And so maybe you can say why we shouldn't apply the appeal waiver in this case. So I guess last things first. My review of the case law does not indicate that there is an argument that would support the waiver of appeal being enforced. There is one case I was able to identify where there's a dissent, but I'm not aware that the why. I mean, why is this appeal waiver not enforceable? I mean, we enforce appeal waivers. Right. So I think that in this case, the, well, the nature of the plea agreements generally that are provided to counsel include the appeal waiver. Many have argued previously that it is in essence an adhesion contract where it's a take it or leave it on behalf of the defendant. Then I think the one other issue that perhaps is unique to this case is that the parties had the probation office calculate the guidelines and then they were lower. Parties then relied on that and included that calculation in their plea agreement. Now, we also recognize that the parties agreed that that calculation wasn't binding and that the parties were free to argue whatever sense they felt was appropriate, including language about the criminal history category. So again, I'm not aware of anything that would necessarily, I'm not aware of any prior decision by this court that has found that that appeal waiver isn't valid. But under these circumstances where the parties relied on the guideline calculation that ended up not being correct, the court may find that it shouldn't be enforced in this case. One more question. Let me just see if Judge Henderson has any further questions. Judge Henderson? I think so. Okay. Can you hear me now? Oh, yes. Thank you. Okay. I don't have any questions. Thanks. Okay. Great. Thank you. I don't have anything further. I reserved three minutes for a response. Thank you. Good morning, Your Honors. May I please support Michael McGovern on behalf of Appellee of the District Court? If the District Court has waived his claim that he now advances that the District Court's sentence was substantively unreasonable, this court should dismiss his appeal or, in the alternative, affirm the District Court's decision below, sentencing decision below. Even if the court were to consider his claim, the District Court did not abuse its discretion when it included both the express waiver that Your Honor just discussed with Appellant's counsel, and that appears at A41 of the record. And that waiver waives all right to appeal the sentence, including any term of imprisonment, except to the extent a court sentences the appellant above the statutory maximum. That exception was not met here. Or, in circumstances where the court were sentenced above the guidelines range as determined by the court, also an exception which is not applicable in this case. And so, because that valid appeal waiver, which this court has upheld contractual plea agreement waivers, can't be overcome, we believe this claim is waived and should be dismissed. Mr. McGovern, I had just, I have one question. So, in a case like this, is the fact that the waiver has to be knowing, intelligent, and voluntary, is that part of the government's burden, or do you view that as an affirmative defense? I believe that where the government asserts the waiver provision as a reason to dismiss an appeal, that it would be then incumbent upon the defendant to come forward to show that that plea waiver was not knowing, voluntary. Do you think that the defendant has forfeited that by not filing a reply brief here? I do believe so, but even if this court were to find that there's a requirement that it be shown that it be knowing, voluntary, this record certainly supports that. It's very clear that the plea waiver was discussed at the plea hearing prior to the court accepting the plea agreement, that he was made aware that he was forfeiting his right to appeal, and that he had discussed this with his counsel. The plea agreement itself contained an affirmation by the defendant that he had discussed the provisions of the plea agreement with his waiver. So, he has discussed with his counsel the waiver provision. And so, even if there was a the government submits based on its brief in this case, if the record does support that here. The court has no further questions. We'd like to see if Judge Henderson has any questions. No questions. Thank you. Thank you. Thank you, Your Honor. Thank you. Your Honor, on behalf of Mr. Wilber, the need says we have nothing. Okay. Thank you. Mr. Stewart, you were appointed by the court to represent the appellant in this case, and the court thanks you for your assistance. Case is submitted.
judges: Henderson, Rao, Edwards